IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DONALD WESTMORELAND,                )
                                    )
            Petitioner,              )
                                    )
        v.                          )    1:10CV705
                                    )
ENNIS OATES,                        )
                                    )
            Respondent.              )

### ORDER, MEMORANDUM OPINION AND RECOMMENDATION NO. 2 OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, previously filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he raised five potential claims for relief. (Docket Entry 1.) After briefing by the parties, the undersigned entered a Memorandum Opinion and Recommendation which recommended that a Motion for Summary Judgment filed by Respondent be granted and that the Petition be denied. (Docket Entry 8.) Petitioner thereafter filed a motion seeking an extension of time to file objections to the Recommendation. (Docket Entry 10.) However, he also filed a motion seeking to amend his Petition (Docket Entry 11), along with a supporting brief (Docket Entry 12). Those motions are now before the Court.

Petitioner's motion to amend can be divided into two very different parts. The first merely seeks to clarify the original Petition by pointing to the location of Petitioner's fifth claim for relief in the documents that were submitted. (See Docket Entry 11 at 2.) As the Court noted in the prior Recommendation,

Petitioner's petition form stated that there was a fifth claim for relief, but then said "Please see amendment no. #1." (Docket Entry 1, § 12, Ground Four,(b).) However, no amendment setting out a claim was immediately attached to the Petition. For that reason, the Court construed Petitioner's fifth claim as being an ineffective assistance of counsel claim that he had raised in the state courts based on his attorney's failure to raise the other claims set out in the Petition. It was recommended that the claim be denied. (Docket Entry 8 at 8-9.)

Petitioner, in his motion to amend, now clarifies that his fifth claim was actually set out on two pages labeled as "Amendment No. #1" which somehow became located in the middle of a state court document that Petitioner submitted in conjunction with his Petition. That claim is different from the fifth claim discussed by the Court in its prior Recommendation. Petitioner states that he does not know how the Amendment containing his fifth claim came to be located within the other document, and the same is true for the Court. Giving Petitioner the benefit of the doubt, the Court will address his fifth claim as raised in "Amendment No. #1" to the original Petition.

Petitioner states that the habitual felon indictment in his case was fatally flawed because it did not meet the requirements of N.C. Gen. Stat. § 14-7.1. That statute defines a "habitual felon" as a "person who has been convicted of or pled guilty to three felony offenses in any federal court or state court in the United States or combination thereof." As Petitioner correctly notes, it

further requires, pertinent to this matter, that "[t]he commission of a second felony shall not fall within the purview of this Article unless it is committed after the conviction of or plea of guilty to the first felony." Likewise, "[t]he commission of a third felony shall not fall within the purview of this Article unless it is committed after the conviction of or plea of guilty to the second felony." Petitioner contends, albeit without explanation, that his habitual felon indictment did not meet the requirements of the statute and faults his attorney for not raising this claim. (Docket Entry 11, Ex. 1.)

Petitioner's claim quickly fails. To prove ineffective assistance of counsel, Petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668 (1984). The habitual felon indictment in Petitioner's case states that Petitioner committed the felony of Breaking, Entering, and Larceny on October 11, 1995, and pled guilty to that crime on April 17, 1996, that Petitioner committed the felony of Breaking, Entering, and Larceny on June 17, 1993, and pled guilty to that crime on July 19, 1994, and that Petitioner committed the felony of Escape on April 8, 1973, and pled guilty to that crime on May 8, 1973. (See Docket Entry 5, Ex. 1 at 7.) Thus, it alleges that Petitioner committed three felonies and, if the felonies are arranged chronologically, the second felony occurred after Petitioner's plea of guilty to his first felony and his third felony occurred after Petitioner's plea of

-3-

guilty to his second felony.  (See id.)  Although the indictment lists the felonies in reverse chronological order and refers to the 1994 conviction as the "second felony" and the 1973 felony as the "third felony," it also alleges that Petitioner "was convicted of at least three (3) successive felony offenses" and that Petitioner violated N.C. Gen. Stat. § 14-7.1.  (Id.)

An indictment in North Carolina is sufficient if it will allow the accused to "'prepare an adequate defense and protect him from double jeopardy.'"  State v. McKoy, 196 N.C. App. 650, 656, 675 S.E.2d 406, 411 (2009) (quoting State v. Haddock, 191 N.C. App. 474, ___, 664 S.E.2d 339, 342 (2008)).  "An indictment is not facially invalid as long as it clearly sets forth the elements of the offense charged so that a person of common understanding would be notified of the charges against him."  State v. Griffin, 713 S.E.2d 185, 188 (N.C. App. 2011) (citing McKoy, supra).  Regarding habitual felon indictments in particular,

> "It is well established that an indictment is sufficient under the Habitual Felons Act if it provides notice to a defendant that he is being tried as a recidivist." State v. Williams, 99 N.C. App. 333, 335, 393 S.E.2d 156, 157 (1990). The habitual felon indictment "must set forth the date that prior felony offenses were committed, the name of the state or other sovereign against whom said felony offenses were committed, the dates that pleas of guilty were entered to or convictions returned in said felony offenses, and the identity of the court wherein said pleas or convictions took place." N.C. Gen. Stat. § 14–7.3 (2005).

State v. McGill, No. COA05–1071, 2006 WL 1529028 (N.C. App. June 6, 2006) (unpublished).

Although Petitioner's indictment may have listed his predicate felonies in reverse order, that did not render it insufficient under North Carolina law. It correctly listed the predicate offenses themselves and put Petitioner on clear notice that he was being charged as a recidivist based on those predicate felonies. Petitioner had every chance to prepare a defense and to avoid double jeopardy. Had his attorney raised any objection it would have surely been denied. Counsel did not fail to act according to the reasonable standards for defense attorneys in not objecting to the indictment and, in any event, could not have prejudiced Petitioner by failing to object. Petitioner's fifth claim for relief, now clearly raised and considered, should be denied.

The second portion of Petitioner's motion to amend is quite different from the part that discusses his fifth claim for relief. Rather than point to, explain, or expand an existing claim, it sets out new claims. (See Docket Entry 11 at 3-6.) Petitioner's fifth claim for relief has just been discussed. His other four original claims were that North Carolina's habitual felon law violated Petitioner's right to be free from double jeopardy, the habitual felon law violated Petitioner's right to equal protection, his lengthy consecutive sentences as a habitual felon amounted to cruel and unusual punishment, and the deconsolidation of Petitioner's breaking and/or entering and larceny convictions at his resentencing violated N.C. Gen. Stat. § 15A-1335. (See Docket Entry 8 at 3-4.) In his motion to amend, Petitioner seeks to add the following claims:

1) he received ineffective assistance of counsel because his attorney did not object to perjured testimony given by the State's main witness (see Docket Entry 11 at 3-4);[1]

2) ineffective assistance of counsel for failing to demand production of evidence from the State, failure to object to witnesses' testimony, and failure to raise these issues on appeal (see id. at 4-5); and

3) prosecutorial misconduct for presenting perjured testimony and failing to preserve evidence (see id. at 5-6).

A habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Therefore, a motion to amend in a habeas case is governed by Fed. R. Civ. P. 15. Because Petitioner's motion is made far more than 21 days after the service of his Petition or the filing of a responsive pleading, he may amend only with leave of court or the consent of Respondent. See Fed. R. Civ. P. 15(a)(1). Respondent has not consented to the amendment. (See Docket Entries dated Nov. 16, 2011, to present.) As for leave of the court, "leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Here, futility requires that Petitioner's motion to amend be denied.

The insurmountable hurdle for Petitioner is the applicable statute of limitations. As discussed in the initial

---

[1] This claim also includes an allegation that the State withheld exculpatory evidence, in the form of audio tape that would have confirmed the perjury.

-6-

Case 1:10-cv-00705-CCE -LPA   Document 13   Filed 01/11/12   Page 6 of 9

Recommendation, the facts and issues surrounding the timeliness of the original Petition are complicated. However, this much is clear. Petitioner's conviction was final and his attempts at state court relief had ended at least by the time he submitted his original Petition. Nevertheless, more than a year passed between the time that Petitioner filed his original Petition on September 14, 2010, and the time he filed his current motion to amend on November 16, 2011. This means that any new claim raised in the motion to amend would be time barred under 28 U.S.C. § 2244(d)(1)(A). Likewise, Petitioner does not claim any state-created impediment to filing in this Court, his claims are not based on recent Supreme Court case law, and it is clear from his motion to amend that he knew about the facts behind his claims at the time of his trial in 2000. Therefore, § 2244(d)(1)(B)-(D) also do not give Petitioner more time to file.

Petitioner's proposed amendments thus qualify as timely only if, under Fed. R. Civ. P. 15(c), they "relate back" to the original Petition by asserting "a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); see also Mayle v. Felix, 545 U.S. 644, 655 (2005). In the context of a habeas petition, "conduct, transaction, or occurrence" does not mean a petitioner's entire trial or sentencing. Mayle, 545 U.S. at 664. Instead, the new claims must arise from occurrences of the same "'time and type'" as the original claims. Pittman, 209 F.3d

at 318 (quoting <u>United States v. Craycraft</u>, 167 F.3d 451, 457 (8th Cir. 1999).

Petitioner's proposed new claims are just that, entirely new. They are quite different in "time and type" from his original claims. Four of the five original claims were based on alleged problems with Petitioner's indictment. The other claim alleged a defect at sentencing. His new claims, on the other hand, stem from alleged evidentiary errors, ineffective assistance of counsel, and/or prosecutorial misconduct at trial. In no way do they "relate back" to the original claims. Therefore, they are untimely and it is futile for Petitioner to put them forth at this time. His motion to amend his Petition by adding new claims should be denied for that reason.

There is one final matter to address. Prior to filing his Motion to Amend, Petitioner also sought more time to object to the original Recommendation. That motion will be granted. Following the entry of the current Recommendation, Petitioner will have the standard time to object not only to the current Recommendation, but also the original Recommendation.

**IT IS THEREFORE RECOMMENDED** that Petitioner's "Motion to Leave to File an Amended Complaint, and Reincorporate into Record Petitioner's § 2254 Claim Ground Five 'Amendment No #1'" (Docket Entry 11) be denied as futile except to the extent that it points the Court to the fifth claim for relief raised in the original Petition. As to that claim, it should be considered as properly raised, but then be denied on its merits. The Habeas Petition,

including that fifth claim for relief (Docket Entry 1), should be denied and Judgment should be entered dismissing this action.

**IT IS ORDERED** that Petitioner's "Motion for Enlargement of time L.R. 6.1(a), et seq." (Docket Entry 10) is granted and that, within 14 days of the mailing of this Recommendation to Petitioner, he may file objections under Fed R. Civ. P. 72(b) to both Recommendations that have been entered in his case.

                                    /s/ L. Patrick Auld
                                 **L. Patrick Auld**
                         **United States Magistrate Judge**

January 11, 2012

-9-